**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **DALTON DAILEY,** | ) |
| **Plaintiff,** | ) **JURY TRIAL DEMANDED** |
| | ) |
| **v.** | ) **Case No.** |
| | ) |
| **EQUIFAX INFORMATION SERVICES,** | ) |
| **LLC,** | ) |
| **Defendants.** | ) |
| | ) |

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

---

## I.    INTRODUCTION

**COMES NOW**, Plaintiff, Dalton Dailey, by and through undersigned counsel and hereby files this Complaint against Defendant, Equifax Information Services, LLC (hereinafter "Equifax"), stating as follows:

## II.    PRELIMINARY STATEMENT

1. This action arises out of repeated violations of the Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. § 1681 et seq., by Equifax against Plaintiff.

2. Plaintiff found inaccurate, incomplete, false, and unverifiable information included in Plaintiff's credit report(s).

3. The FCRA mandates that consumer reporting agencies disclose certain information to consumers upon request in order to allow consumers to verify the

accuracy of information maintained in their credit files. *See* 15 U.S.C. § 1681g; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiff's note, the disclosure and summary-of-rights requirements are designed to protect consumers interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.")

4. The Senate Report accompanying the FCRA explained that credit bureaus often "build roadblocks in the path of the consumer," S. Rep. No. 91-517, at 3 (1969), and described how credit reporting agencies routinely refused to reveal the contents of their files.

5. When introducing the bill, Senator Proxmire likewise emphasized that many credit reporting agencies refused to show consumers their files, partly to protect their information sources and partly out of fear of litigation.

6. Section 1681g of the original Act was drafted to eliminate these practices by requiring consumer reporting agencies to disclose the nature and substance of all information in the consumer's file, the sources of that information, and the entities that received consumer reports.

7. These statutory requirements were carried forward into § 1681g(a)(1)–(2), reflecting Congress's intent to ensure full transparency and prevent the consumer reporting agencies from concealing retained data from consumers.

8. The purpose of § 1681g is to enable consumers to obtain the information in order to dispute any potential inaccuracies in the file so that the inaccurate information is not sent to a third party. *Selvam v. Experian Info. Sols., Inc.,* 651 F. App'x 29, 33 (2d Cir. 2016).

9. Gillespie further explains that § 1681g requires disclosure of any information in the consumer's file that has gone, or might go, to a third party, because consumers must be able to see all data a CRA maintains about them before it is disseminated. See *Gillespie v. Trans Union Corp.*, 482 F.3d 907 (7th Cir. 2007).

10. Despite Plaintiff's request for a complete file disclosure, Equifax failed and refused to provide Plaintiff with his full file.

### III.    JURISDICTION AND VENUE

11. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

12. Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court.

13. Venue is proper in this district under 28 U.S.C. § 1391(b) because Equifax conducts substantial business within this district, and the events giving rise to this action occurred in Harris County, Texas.

14. Plaintiff has Article III standing due to Equifax's failure to meet the disclosure requirements which caused him a concrete and particularized informational injury.

15. Plaintiff requested a file disclosure in order to review the information Equifax maintains about him, identify the accounts at issue, verify the reported information against his own records, and determine whether a dispute was necessary.

16. As a result of omitting and suppressing the information identified below, Equifax deprived Plaintiff of that opportunity and caused him to spend time attempting to understand and evaluate his file.

## IV.    PARTIES

17. Plaintiff, Dalton Dailey, is a natural person residing in Texas.

18. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681(a), (b), and (c).

19. Upon information and belief, Equifax Information Services, LLC is a Georgia corporation duly authorized and qualified to do business in the State of Texas.

20. Equifax is a  nationwide *Consumer Reporting Agency* ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, Equifax regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the

4

purpose of preparing or furnishing consumer reports, specifically the mail and internet.

21. As a CRA, Equifax is aware of its obligations under the FCRA.

## V.    FACTS OF THE COMPLAINT

22. On or about July 17, 2026, Plaintiff obtained copies of his consumer credit disclosure from Equifax Information Services, LLC, through www.annualcreditreport.com.

23. Pursuant to 15 U.S.C. § 1681g(a)1 and § 1681g(a)2, Equifax was required to clearly and accurately disclose to Plaintiff all the information in his file, as well as the sources of the information, subject to the same limited exception regarding truncation of the Social Security number.

24. Equifax produced a document that it represented as Plaintiff's consumer file disclosure pursuant to 15 U.S.C. § 1681g.

25. In reality, the document was merely an "Equifax Credit Report," rather than the complete consumer file disclosure required by the FCRA. **(See Exhibit A).**

26. Plaintiff avers Equifax's disclosure omitted critical information contained within his credit file, thereby failing to meet this requirement.

27. Plaintiff requested a clear and accurate file disclosure from Equifax but was provided an inadequate file disclosure that omitted, suppressed, masked, or truncated entire categories of information, including full account numbers, full

Social Security number information, personal identifying information, header information, account-level data fields, and the sources of that information.

28. The omitted data included numerous tradelines or items of information, including but not limited to the following:

    (1) Attorney General- Child Sup *1052 - $84,620

    (2) Attorney General- Child Sup *1052 - $83,408

    (3) Capital One Bank USA NA Closed - *0602

29. By providing only a credit report, Equifax withheld these broader categories of stored information, as recognized in *Lewis* v. *Equifax Information Services LLC*, Case No. 5:26-cv-01284 (W.D. Okla. 2026) where the Court denied dismissal where Equifax omitted fields needed to verify accounts.

30. In *Bivens v. Equifax,* No.9:26-cv-80138-AMC (S.D. Fla. 2026), the Court held that full account numbers and original creditor names are "information in the file" that must be disclosed.

31. Additionally, the Court held that § 1681g(a)(1) requires disclosure of all retained information, not just what appears in a credit report. *Id.*

32. Equifax maintains information on millions of consumers in databases that function as the storehouse for consumers' files, and Equifax generates and sells consumer reports from this retained data.

6

33. Equifax has long been aware of, and had actual notice of, its obligations under § 1681g(a)(1) and § 1681g(a)(2).

34. For decades, consumer reporting agencies, such as Defendant have been on notice through FTC staff opinion letters, the 1990 Commentary, the FTC's 2011 40 Years of Experience Report, the FTC's Darcy Opinion Letter (2000), and repeated enforcement actions that 15 U.S.C. § 1681g requires disclosure of all information in a consumer's file, including account data, identifying information, source information, and other retained or required fields. **(See Exhibit B & Exhibit C)**

35. Plaintiff further avers that Equifax has long known its automated disclosure systems truncate, mask, and omit information, yet has continued using the same templates without correction.

36. Courts have held that allegations of knowing, repeated, and intentional conduct combined with long-standing awareness of systemic disclosure defects are sufficient to plead willfulness under § 1681n. See *Banks v. Equifax Info. Servs., LLC,* No. 5:25-cv-00111-JRG-JBB, at 10–11 (E.D. Tex. Feb. 9, 2026) (holding that a plaintiff pleads willfulness without using the word "willful" where the complaint alleges intentional, repeated conduct and long-standing knowledge of disclosure defects).

37. By omitting these material data fields and leaving critical account information blank, truncated, or otherwise undisclosed, including failing to provide full account numbers or additional account identifiers beyond the four digits shown, original creditor information, complete payment history, payment amounts, dates of last activity, dates accounts were closed, and other account level data, Equifax deprived Plaintiff of the ability to determine whether the reported accounts pertained to transactions he conducted or accounts he actually maintained, identify the source from which the alleged debts originated, and cross reference the reported information with his own records.

38. As a result of these omissions, Plaintiff was unable to determine whether payments were accurately applied, whether delinquencies existed, when any delinquency first occurred, whether accounts were properly closed, or how the furnisher characterized the status and activity of the accounts.

39. Without this information, Plaintiff could not review or understand the contents of his consumer file, verify the accuracy of the reported tradelines, identify the sources of the reported information, or determine whether Equifax was reporting complete and accurate information.

40. Therefore, Equifax's unilateral truncation and omission of material account information violated the statute.

41. Without all of the account details being fully reported this has negatively impacted Plaintiff's credit worthiness.

42. These omissions therefore frustrated the core purpose of 15 U.S.C. § 1681g(a)(1) § 1681g(a)(2), which is to allow consumers to obtain a clear and accurate disclosure.

43. Rather than comply with the FCRA, each creditor and Equifax knowingly and intentionally failed to disclose all of the information in Plaintiff's credit file.

44. Accordingly, Equifax's violations of the FCRA were willful.

45. Plaintiff avers he is entitled to receive a complete, accurate, and transparent disclosure of his credit file from each CRA upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. See 15 U.S.C. § 1681j.

46. By failing to meet this requirement, Equifax deprived Plaintiff of a right granted by federal law.

47. These violations were willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures.

48. Equifax's practices suggest an institutional disregard for their statutory obligations under the FCRA.

49. Plaintiff relied on the information in the report to be accurate and complete therefore to prevent dissemination of a misleading report.

50. As a result, of Equifax's actions, Plaintiff suffers from emotional distress from the incomplete and inaccurate reporting in the form of anxiety, depression, embarrassment, fear, financial stress, and worry.

51. Plaintiff suffered monetary loss, including postage costs, because Equifax did not provide complete and accurate account information.

## VI.    CAUSES OF ACTION

52. This suit is based upon Equifax's violations of the Fair Credit Reporting Act.

53. All causes of action were the producing causes of damages, which Plaintiff suffered.

## FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681g(a)1

54. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

55. Equifax violated the FCRA.

56. Equifax's violations include, but are not limited to, the following: Equifax violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

57. Equifax's conduct in violating the FCRA was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

58. In the alternative, Equifax was also negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

59. As a result of Equifax's conduct, Plaintiff suffered concrete and particularized harm, including, without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

60. Equifax's conduct in violating § 1681i was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

61. In the alternative, Equifax was also negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

**SECOND CLAIM FOR RELIEF**
**15 U.S.C. § 1681g(a)2**

62. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

63. Equifax violated the FCRA.

64. Section 1681g(a)(2) requires a consumer reporting agency to disclose "the sources of the information" contained in the consumer's file.

65. Equifax failed to disclose the sources of the information for more than fifteen items of information appearing in the credit-report-style document it provided in response to Plaintiff's § 1681g request.

66. Equifax failed to disclose the sources, intermediaries, and associated entities that supplied the information in Plaintiff's file.

67. Equifax willfully violated 15 U.S.C. § 1681g(a)(2) by knowingly failing to disclose the sources of information contained in consumers' files despite its long-standing awareness of its statutory obligation to do so, and by continuing to utilize automated disclosure systems that omit such source information.

68. As a result of Equifax's conduct, Plaintiff suffered concrete and particularized harm, including, without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

69. Equifax's conduct in violating § 1681i was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

70. In the alternative, Equifax was also negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## VII.   DEMAND FOR TRIAL BY JURY

71. Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff hereby requests a trial by jury on all issues so triable.

## VIII.  PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff prays that judgment be entered against Equifax for all damages allowable (including statutory, actual, compensatory, nominal, and punitive), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

**Respectfully submitted this the 31st day of July 2026.**

> **/s/ Noelle Sillmon**
> **NOELLE SILLMON**
> **Counsel for the Plaintiff**
> **Alabama Bar No.: 4074Y61Q**
> **TX Bar No.: 3870219**
> **Legally Noelle Services, LLC.**
> **P.O. Box 242141**
> **Montgomery, AL 36124**
> **(334) 513-1710**
> **legally.noelle@gmail.com**

ATTACHED EXHIBIT LIST
- Exhibit A: Plaintiff's Disclosure (Paragraph 25)
- Exhibit B: Darcy Opinion Letter (Paragraph 34)
- Exhibit C: Page 65 of the 2024 CDIA Reporting Guide